UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEREK D. FINGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00513-JPH-MJD |
| | ) | |
| ROBERT CARTER, JR., | ) | |
| ERIC HOLCOMB, | ) | |
| JAMES BASINGER, | ) | |
| DEANNA DWENGER, | ) | |
| AMY EICKMEIER, | ) | |
| MARY RUTH SIMS, PsyD, | ) | |
| NICOLE KELLY, PsyD, | ) | |
| SARAH CLARKE, MHP, | ) | |
| CENTURION HEALTH OF INDIANA, LLC, | ) | |
| MR. VANIHEL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING THE AMENDED COMPLAINT**

Derek D. Fingers, an inmate at Wabash Valley Correctional Facility, is suing for deliberate indifference to his serious mental illness in violation of the Eighth Amendment. Because Mr. Fingers is a "prisoner," the Court will screen his complaint under the standard set forth in 28 U.S.C. § 1915A. As explained below, some of Mr. Fingers' claims **shall proceed**, and others are **dismissed**.

The remaining defendants must file a responsive pleading **within fourteen days of the issuance of this Order**.[1] *See* dkt. 15.

---

[1] This action was removed from Sullivan County Superior Court on November 16, 2022. All defendants have appeared by counsel.

## I. Screening Standard

The Court will dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court applies the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. The Amended Complaint[2]

The amended complaint names the following defendants: Governor Eric Holcomb, Commissioner Robert Carter, Deputy Commissioner James Bassinger, Dr. Deanna Dwenger, Amy Eickmeier, Dr. Mary Ruth Sims, Dr. Nicole Kelly, MHP Sarah Clarke, Melissa Keyes, Warden Vanihel, and Centurion Health of Indiana, LLC.

Mr. Fingers is seeking compensatory damages, punitive damages, and injunctive relief.

The amended complaint makes the following allegations:

Mr. Fingers is an Indiana prisoner who suffers from a psychotic disorder. Dkt. 1-2, p. 5. He was transferred to the SHU Restrictive Housing Unit at Wabash Valley Correctional Facility in January 2022. *Id.* From January 2022 until April 2022, Mr. Fingers was observed by Dr. Kelly,

---

[2] This Order screens the Amended Complaint, which was originally filed in Sullivan County Superior Court on October 25, 2022. *See* Dkt. 1-2.

Dr. Sims, and MHP Clarke, but he did not receive other treatment for his psychotic disorder. *Id.* at 6. As a result, his condition deteriorated; his auditory hallucinations became unbearable, and he covered his cell with his own urine and feces. *Id.* at 10-11.

Mr. Fingers currently receives Risperdal, an anti-psychotic medication, and counseling that is intended to provide him with coping mechanisms to manage his psychotic disorder. *Id.* at 8. Risperdal carries significant side effects, which Mr. Fingers refers to as the "Thorazine Shuffle." *Id.* Although state officials claim that the side effects of this medication are limited to muscle stiffness, the amended complaint alleges that the medication causes neurological damage. *Id.*

Ordinarily, prisoners incarcerated in the Indiana Department of Correction (IDOC) who suffer from a serious mental illness may spend no more than thirty consecutive days in restrictive status housing. *Id.* at 9. Seriously mentally ill prisoners who are housed in restrictive status housing are supposed to receive weekly or biweekly evaluations to determine whether continued placement in restrictive status housing will exacerbate their serious mental illness. *Id.*

The amended complaint alleges that the defendants have conspired to narrow the definition of serious mental illness for IDOC prisoners. *Id.* at 6-7. The narrow definition includes only prisoners with brain damage and evaluates the severity of mental illness based on the prisoner's "ability to be alert and oriented." *Id.* at 7. This narrow definition was implemented so that prisoners with genuinely serious mental illnesses, such as Mr. Fingers, can be kept in long-term restrictive status housing. *Id.* The defendants adopted this narrow definition even though they knew long-term restrictive status housing would exacerbate Mr. Fingers' psychotic disorder. *Id.* at 11.

## III. Discussion

### A. Claims that Shall Proceed

Based on the allegations in the amended complaint, Mr. Fingers' Eighth Amendment medical claims **shall proceed** against Dr. Sims, Dr. Kelly, and MHP Clark, in their individual capacities, for allegedly failing to provide adequate treatment for Mr. Fingers' psychotic disorder from January 2022 to April 2022.

Mr. Fingers' Eighth Amendment medical claims also **shall proceed** against Commissioner Carter, Deputy Commissioner Bassinger, Ms. Eickmeier, Dr. Dwenger, and Warden Vanihel on the theory that these defendants purposely adopted a narrow definition of "serious mental illness" so that prisoners with genuinely serious mental illnesses may be housed in long-term restrictive status housing despite the known adverse effects this placement will have on their mental health. Mr. Fingers' claims for damages on this theory shall proceed against these defendants in their individual capacities; his claims for injunctive relief on this theory shall proceed against these defendants in their official capacities.

### B. Claims that are Dismissed

Mr. Fingers' claim against Centurion is **dismissed**. To be liable under § 1983, private corporations acting under color of state law must have an express policy or custom that resulted in a constitutional deprivation. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002); *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004). In this case, the amended complaint does not allege that a Centurion policy or custom caused Mr. Fingers to suffer a constitutional violation; it merely alleges that three Centurion employees—Sims, Kelly, and Clark—failed to provide Mr. Fingers with adequate treatment for his psychotic disorder between January 2022 and April 2022. This is insufficient to bring a *Monell* claim against Centurion. *See*

*Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020) (prisoner failed to establish that Wexford had a practice of delaying prescriptions; the evidence failed to show that the incidents of delayed prescriptions were widespread, as they only involved the plaintiff, or that the incidents were sufficiently numerous, as there were only three instances of delays).

Mr. Fingers' claim against Ms. Keyes is **dismissed** because the amended complaint does not create a reasonable inference that she was involved in causing a constitutional deprivation. According to the amended complaint, Ms. Keyes is employed by Indiana Protection and Advocacy Services (IPAS). The allegations in the amended complaint do not support a reasonable inference that she or her employer has the authority to set IDOC policy as it relates to the definition of serious mental illness. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Mr. Fingers' claim against Governor Holcomb is also **dismissed** because it does not plausibly allege that Governor Holcomb was personally involved setting IDOC's definition for serious mental illness. The Seventh Circuit has specifically cautioned district courts from allowing prisoners to sue the governors of their states based on conclusory allegations that the governor was aware of the prisoner's circumstances or involved in the day-to-day administration of the state's correctional facilities. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could

5

write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

This summary includes all viable claims identified by the Court. If Mr. Fingers believes the amended complaint contains additional viable claims, he may identify those claims in a separate filing by **February 24, 2023**.

### IV. Further Proceedings

Defendants Robert Carter, James Bassinger, Dr. Deanna Dwenger, Amy Eickmeier, Dr. Mary Sims, MHP Sarah Clarke, and Warden Vanihel shall file a responsive pleading **within fourteen days of the issuance of this Order**.

The amended complaint includes a request for a preliminary injunction. Dkt. 1-2 at 15-16. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b). Accordingly, the request for preliminary injunction is denied as presented and the **clerk is directed** to include a form Motion for Preliminary Injunction along with Mr. Fingers' copy of this Order.

The **clerk is directed** to terminate Eric Holcomb and Centurion Health of Indiana, LLC as defendants on the docket.

**SO ORDERED**.

Date: 1/19/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEREK D. FINGERS
951762
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
CARLISLE, IN 47838
Electronic Service Participant – Court Only

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Travis W. Montgomery
Bleeke Dillon Crandall, P.C.
travis@bleekedilloncrandall.com

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov